UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGH THOMAS MORGESON, | : | Case No. 1:06-cv-21 |
| | : | |
| Plaintiff, | : | Black, M.J. |
| vs. | : | |
| | : | |
| OK INTERIORS CORPORATION, | : | |
| | : | **MEMORANDUM OPINION** |
| Defendant. | : | **AND ORDER** |

This civil action is before the Court on Defendant OK Interiors Corporation's motion for summary judgment. (Doc. 24.) The parties have consented to final adjudication by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Docs. 5-7.) For the reasons that follow, the motion for summary judgment is denied.

I. BACKGROUND

Plaintiff Hugh Thomas Morgeson initiated this action by filing a complaint against his former employer, Defendant OK Interiors Corporation ("OKI"), alleging a violation of his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Doc. 1.)

Plaintiff alleges that he was hired by OKI on February 3, 2003 to work as a carpenter. (*Id.* at ¶¶ 6-7.) He alleges that, on March 13, 2004, he notified his immediate supervisor at OKI, Mark Konradi, that he was going to Florida to be with his father, who had suffered a heart attack. (*Id.* at ¶ 8.) On March 15, 2004, Plaintiff's wife allegedly called OKI to advise Plaintiff's employer that Plaintiff was still in Florida. (*Id.* at ¶ 9.) Plaintiff alleges that on March 19, 2004, he again telephoned the office at OKI and

advised an Administrative Assistant, Jane Weber, that his father would be undergoing open heart surgery on March 22, 2004, that he (Plaintiff) would not return to work until March 24, 2004, but that he intended to return to work on that day.  (*Id.* at ¶ 10.)

Plaintiff alleges that, on March 20, 2004, Mr. Konradi left a message that Plaintiff need not return to work because there was no work for him.  (*Id.* at ¶ 11.)  Plaintiff alleges that he telephoned Mr. Konradi at Mr. Konradi's home and that Mr. Konradi told him that "his services were no longer needed because no one wanted to work with him."  (*Id.* at ¶ 12.)

Plaintiff filed his complaint on January 17, 2006, seeking monetary and injunctive relief.  (*See* Doc. 1 at p. 4.)

On January 2, 2007, Defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c).  (Doc. 24.)  Defendant contends that it is entitled to judgment as a matter of law because: (1) Plaintiff was not an "eligible employee" within the meaning of the FMLA; (2) he cannot make out a *prima facie* showing of retaliation under the FMLA; and (3) he cannot establish that the legitimate nondiscriminatory reasons given for the termination of his employment were pretextual.  (*See id.*)

In response, Plaintiff contends that summary judgment is not appropriate because genuine issues of material fact exist with respect to the employer's motivation and intent.  (Doc. 28.)  Plaintiff further contends that Defendant is not entitled to judgment as a matter of law because: (1) Plaintiff was eligible for and entitled to benefits under the FMLA; and (2) the evidence in the record, when viewed in a light favorable to Plaintiff, is sufficient to establish that Defendant interfered with, and retaliated against him for, the

exercise of his rights under the FMLA.  (*See id.*)

## II. STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  All reasonable inferences are drawn in favor of the non-movant.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

## III. DISCUSSION

*A.  Whether Plaintiff was an "eligible employee" under the FMLA*

Defendant argues first that Plaintiff was not an eligible employee because he did not meet the hours of service requirement and did not request benefits under the FMLA.

To be eligible under the FMLA, an employee must have been employed by the employer at issue for the preceding twelve months and must have put in at least 1,250 "hours of service" during that time.  29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a). Alternatively, an intermittent employee may be deemed to have worked twelve months if he worked a total of 52 weeks.  *See* 29 C.F.R. § 825.110(b).  Moreover,

> [i]f an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment.

29 C.F.R. § 825.110(b).

Plaintiff maintains that he is eligible because he was employed for thirteen months,

beginning February 3, 2003 and ending March 12, 2004, and put in a total of 1600 hours. (*See* Doc. 24, Ex. B.)

Defendant contends that Plaintiff is not eligible because he was an intermittent employee, *i.e.*, one who was not consistently maintained on the payroll, and worked only 49.5 weeks during the thirteen month period. (*See* Doc. 24, "Affidavit of Jane Weber" & Ex. A.)

The parties do not dispute that, on certain occasions during the 13-month period, Plaintiff was not "working" for OKI because he was attending training school, on personal leave, or "loaned out" to another construction company. (*See id.*)

A review of the evidence in the record suggests that paychecks were issued to Plaintiff weekly throughout the thirteen-month period, except for four weeks between September 12 and October 17, 2003. (*See* Doc. 24, Ex. B.) In all, it appears that checks were issued to Plaintiff for each of 55 weeks. (*See id.*) Thus, even if Plaintiff were not continually employed for a 13-month period as he claims, it appears that he was maintained on the payroll and received some compensation for each of 55 weeks. When such evidence is viewed in a light favorable to the non-moving party, it appears that genuine issues of fact exist as to whether Plaintiff met the "hours of service" requirement for eligibility under the FMLA. Accordingly, Defendant is not entitled to summary judgment on this ground.

Defendant also argues that Plaintiff was not an eligible employee because he did not comply with its procedures for requesting leave under the FMLA. That is, according to Defendant, Plaintiff did not complete required forms, notify OKI that he was taking

-4-

leave under FMLA, nor provide medical certification. Additionally, Defendant argues that Plaintiff did not take leave for any reason authorized by the FMLA. OKI argues that Plaintiff did not leave work to care for his father but to visit with him.

Defendant is not entitled to judgment as a matter of law based on these grounds.

The applicable regulations provide that in the event of unforeseeable circumstances, the employee may give informal notice either in person or by telephone of the need to take leave. *See* 29 C.F.R. § 825.303(b).

The regulations also provide that an employee may be entitled to leave where he is needed to provide psychological comfort and reassurance to a family member with a serious health condition, as Plaintiff claims to have done. *See* 29 C.F.R. § 825.116(a).

Because genuine issues of material fact exist as to whether Plaintiff provided adequate notice or requested leave for an appropriate purpose, summary judgment is not warranted.

   B. *Whether Plaintiff has made a <u>prima facie</u> showing of retaliation*

Defendant argues next that it is entitled to summary judgment on the grounds that Plaintiff cannot make a *prima face* showing of retaliation under the FMLA.

The FMLA prohibits employers from retaliating against employees for the exercise of rights provided by the Act. *See* 29 U.S.C. § 2615(a)(1). As previously noted, the rights provided by the FMLA include a right to leave from employment in order to care for a family member with a serious health condition. *See* 29 U.S.C. 2612(a)(1)(C).

To make out a *prima facie* case of retaliation, a plaintiff must show that he exercised a right protected by the Act, that he was adversely affected by an employment

-5-

decision, and that proximity in time suggests a causal connection between the exercise of the protected right and the adverse employment decision. *See Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001). Proximity in time between a request for FMLA-protected leave and discharge may provide sufficient evidence of a causal connection for purposes of establishing a *prima facie* case of retaliation. *Id.*

Plaintiff in the present action has presented evidence that, when viewed a light favorable to him, is sufficient to establish a *prima facie* case. He presented evidence to show that he took leave from his employment at OKI to care for his father, who was being treated for a serious medical condition. Further evidence shows that he was advised, while on leave, not to return to work.

Defendants are not entitled to summary judgment on this ground.

*C.     Whether Plaintiff can establish that the legitimate nondiscriminatory reasons given for the termination of his employment were pretextual*

Defendant next maintains that it is entitled to judgment as a matter of law because Plaintiff cannot present any evidence to show that the legitimate nondiscriminatory reasons given for the termination of his employment were pretextual. This final argument also lacks merit.

If a plaintiff succeeds in making a *prima facie* showing of retaliation, the defendant then bears the burden of articulating a legitimate reason for the adverse action. *See Gibson v. City of Louisville*, 336 F.3d 511, 513 (6th Cir. 2003). If this burden is carried, the plaintiff must then demonstrate that there is a jury question as to whether the defendant's stated reason is a pretext for unlawful discrimination. *See id.*

To rebut a defendant employer's legitimate nondiscriminatory reasons, a plaintiff may show that the reasons had no basis in fact, the reasons given were not the actual reasons, or that the reasons were insufficient to explain or to justify the employer's actions. *See Skjranc*, 272 F.3d at 315; *see also Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

Defendant provides various reasons for its decision to terminate Plaintiff's employment. It states that none of the foremen wanted to work with him, he talked too much on the job, he was not a good employee, and there wasn't enough work.

In response to the alleged nondiscriminatory reasons given by OKI, Plaintiff maintains that the reasons are not true and do not adequately explain OKI's actions. He offers evidence in the form of affidavits to support his contention that he was a capable and proficient carpenter, that he had a good attitude and worked hard, and that his work was not of such poor quality that it needed to be redone, as Defendant has alleged. The evidence is sufficient to create a genuine issue of material fact with respect to the issue of pretext.

IV.	CONCLUSION

For the reasons stated above, Defendant has failed to establish the absence of genuine issues of fact and that it is entitled to summary judgment as a matter of law.

Accordingly, **IT IS HEREIN ORDERED THAT** the motion for summary judgment (Doc. 24) is **DENIED**.

**IT IS SO ORDERED**.


Date:  7/3/07                                              s/Timothy S. Black
                                                           Timothy S. Black
                                                           United States Magistrate Judge